UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-5856-SK Date: October 5, 2026

Title Handrias Fujianto v. Warden, Adelanto ICE Processing Ctr., et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Ashley Silva-Elder | n/a |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| --- | --- |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER GRANTING IN PART PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF 2] AND SETTING SHOW-CAUSE HEARING**

Petitioner's ex parte application for a temporary restraining order is GRANTED IN PART. *See Nken v. Holder*, 556 U.S. 418, 434-36 (2009); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). **Respondents are TEMPORARILY RESTRAINED from transferring Petitioner outside this district or removing him from the United States pending further order of the court**. Respondents shall acknowledge receipt of and compliance with this order by filing their notice of appearance within 24 hours of this order. General Order 26-05 otherwise remains in effect.

In this preliminary procedural posture, however, petitioner's request for immediate release from custody is DENIED.[1] *See Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("[J]udgment on the merits in the guise of preliminary relief is a highly inappropriate result."); *Mendez v. U.S. Immigr. & Customs Enf't*, 2023 WL 2604585, at *3 (N.D. Cal. Mar. 15, 2023) (dismissing request for emergency equitable relief where the relief sought was "not 'temporary' or 'preliminary'

[1] But the denial of immediate release through preliminary relief is not intended to foreshadow in any way the Court's view on the merits of the petition, including whether the appropriate remedy—if the petition were granted—should be a custody hearing, unconditional release, or a conditional writ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-5856-SK Date: October 5, 2026

Title Handrias Fujianto v. Warden, Adelanto ICE Processing Ctr., et al.

but rather … the same ultimate relief" sought on the merits); *cf. Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (holding it "inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits").

Meanwhile, the parties are ordered to appear in person at 1:30 PM PT on **October 19, 2026** in Courtroom 540 of the Roybal Federal Building and United States Courthouse for a show-cause hearing. At that hearing:

1. Respondents are ordered to show cause why they should not be preliminarily enjoined either from removing Petitioner to Indonesia or from removing Petitioner to a third country until and unless he has been provided notice and an opportunity to be heard on claims of asylum or withholding of removal to that country. *See Ibarra-Perez v. United States*, 154 F.4th 989 (9th Cir. 2025).

2. Petitioner is ordered to show cause (a) why jurisdiction over any colorable challenge to any third-country removal does not lie exclusively with the Ninth Circuit court of appeals, *see*, *e.g.*, 8 U.S.C. §§ 1252(a)(5), (b)(9); and (b) why a challenge to any third-country removal order as such—to the extent that a district court has jurisdiction to entertain it—must not be raised in a civil complaint for declaratory or injunctive relief under the Administrative Procedure Act, rather than in a petition under 28 U.S.C. § 2241 absent a colorable claim that petitioner's post-removal-order detention itself is either unauthorized by the Immigration and Nationality Act, 8 U.S.C. § 1231, or unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001), irrespective of the lawfulness of the third-country removal order as such.

The parties' written responses to each of those show-cause orders—meaning both sides must respond to both—are simultaneously due by 5 PM PT on **October 12, 2026**.

IT IS SO ORDERED.